

In The

## Court of Appeals
### Seventh District of Texas at Amarillo

_____

No. 07-18-00440-CV
_____

IN THE INTEREST OF Z. N., A CHILD

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 77,106-D-FM, Honorable Carry Baker, Presiding

December 22, 2020

OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

In a final order signed December 10, 2018, the trial court terminated S.N.'s parental rights to his son, Z.N.[1]  The trial court found that termination of parental rights was warranted under Texas Family Code section 161.001(b)(1) (L) and (O), and that termination was in Z.N.'s best interest.[2]  On appeal, S.N. challenged the legal and factual

_____

[1]  We identify the parent and child by their respective initials to protect the privacy of the child.  *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2020); TEX. R. APP. P. 9.8(b).

[2] TEX. FAM. CODE ANN. § 161.001(b)(1)(L)(O),(2) (West Supp. 2020).

sufficiency of the evidence supporting the trial court's findings on predicate grounds (L) and (O), but did not challenge the best interest finding.

In June 2019, this Court determined that the evidence was legally insufficient to support the predicate ground (L) finding, and that the evidence was factually insufficient to support the predicate ground (O) finding. *In re C.A.,* 579 S.W.3d 140 (Tex. App.—Amarillo 2019)*, rev'd sub nom. In re Z.N.*, 602 S.W.3d 541 (Tex. 2020) (per curiam). The Supreme Court of Texas granted the Department of Family and Protective Services' petition for review and reinstated the trial court's ground (L) finding.[3] It remanded the case so that this Court could conduct a factual sufficiency review of the evidence regarding the predicate ground (L) finding.

In light of the Supreme Court's instructions and our review of the entire record, we conclude that factually sufficient evidence supports the trial court's findings and affirm the judgment of the trial court that terminates S.N.'s parental rights to Z.N.

Analysis

The Texas Family Code permits a court to terminate parental rights if the Department proves by clear and convincing evidence that the parent committed certain prohibited actions and that termination is in the child's best interest. For example, section 161.001(b)(1)(L) permits the termination of parental rights if clear and convincing evidence shows a parent has been convicted of or placed on community supervision, including deferred adjudication community supervision, "for being criminally responsible

---

[3] The Department did not seek review of this Court's determination of factual insufficiency on predicate ground (O).

2

for the death or serious injury of a child" under certain sections of the Texas Penal Code, including section 21.11 (indecency with a child). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(L)(iv). Other provisions in section 161.001(b) authorize termination of parental rights upon evidence of a mere conviction, without the necessity of proving death or serious injury to a victim. *See, e.g.,* TEX. FAM. CODE ANN. § 161.001(b)(1)(T), (U).[4]

A. Legal Sufficiency Standard of Review

Because the standards for factual sufficiency review are better illustrated by contrasting them to the review for legal sufficiency, we discuss both here. In assessing an insufficient evidence, or "no evidence" challenge to a finding when the burden of proof at trial called for clear and convincing evidence, the appellate court begins by reviewing the entire record. *In re J.F.C.,* 96 S.W.3d 256, 266 (Tex. 2002). As a part of its responsibility to view the evidence in the light most favorable to the finding, the reviewing court must "assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so" and "disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.* The reviewing court should also draw all inferences from the evidence that support the finding, so long as they are "reasonable and logical ones." *See In re Z.N.*, 602 S.W.3d at 545 (citing *In re E.N.C.,* 384 S.W.3d 796, 804 (Tex. 2012)). On the other hand, the court may not disregard undisputed facts that do not support the finding. *In re J.F.C.,* 96 S.W.3d at 266. If after

---

[4] Section 161.001(b)(1)(T)(iv), for example, permits termination of parental rights upon a conviction for sexual assault of the other parent. The legislative history suggests no reason why a sex crime against a minor requires evidence of death or serious harm *in addition to* a conviction under predicate ground (L), while a similar crime against the child's parent would only require evidence of the conviction.

considering all this evidence under the proper lens the appellate court determines that any reasonable factfinder could form a firm belief or conviction that the finding was true, the court should conclude that the finding is supported by legally-sufficient evidence. *Id.*

B. Factual Sufficiency Standard of Review

In appeals brought to challenge the factual sufficiency of the evidence when the burden of proof required clear and convincing evidence, an appellate court considers the disputed evidence that is contrary to the finding against all the evidence that favors the finding. *In re A.C.*, 560 S.W.3d 624, 631 (Tex. 2018). Evidence is factually insufficient if, "in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction" that the finding is true. *In re J.F.C.,* 96 S.W.3d at 266.

C. Reviewing the Evidence

In the present case, the trial court admitted evidence without objection that in 2008 S.N. was indicted for three acts of indecency with children aged four, ten, and eleven years, by touching their genitals.[5] *See* TEX. PENAL CODE § 21.11(a)(1) (West 2019). The trial court placed S.N. on deferred adjudication community supervision in March 2008; he pled true to a motion to adjudicate nine months later. S.N. was then sentenced under a plea-bargain agreement to three concurrent ten-year sentences of confinement and assessed three $1,000 fines. That S.N. was convicted of committing these acts is

---

[5] Z.N. was not one of the victims.

4

undisputed, though the Department's witness testified she did not know the details or circumstances of S.N.'s offenses.

In review of S.N.'s appeal from the order terminating his parental rights, this Court in its June 2019 opinion disavowed any suggestion that indecency with a child, generally, does not cause the child serious injury, but concluded that but for the evidence of the conviction, the Department failed to produce any evidence of death or some serious injury (physical or emotional) that was sustained by any of S.N.'s three victims. *In re C.A.,* 579 S.W.3d at 151. In May 2020, the Supreme Court, by a per curiam opinion, disagreed with this Court. 602 S.W.3d at 543, 549. Though the high court agreed that "the simple illegality of the act does not in itself indicate that a trial court may infer serious injury," it held that evidence of S.N.'s convictions for indecency with a child permitted the finder of fact to make the "reasonable and logical inference" that the children suffered serious injury:

> Here, the record shows that Father was convicted of indecency with a child with three children ages four, ten, and eleven. Specifically, he was charged with and convicted of intentionally and knowingly engaging in sexual contact with the children by touching their genitals. From those convictions, a trier of fact could reasonably infer that those children suffered serious injury for the purpose of ground (L), and no evidence was introduced to refute that inference. Because a reasonable trier of fact could have formed a firm belief or conviction that its finding was true, we hold that the evidence was legally sufficient to support the trial court's finding as to ground (L).

602 S.W.3d at 548-49 (internal citations omitted).

As indicated above, the Supreme Court placed importance on the fact that S.N. presented no evidence to refute the reasonable and logical inference that his criminal conduct caused serious injury to his child victims. It is unclear how the court intended

5

that S.N.'s rebuttal evidence, if it had been presented, would be material in a legal sufficiency review given the court's longstanding instruction to "disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." 602 S.W.3d at 545 (*quoting In re J.F.C.*, 96 S.W.3d at 266). Nevertheless, that is what the court instructed.

The Supreme Court's opinion in this matter, combined with its instructions in another matter this month, suggest that the inference of serious injury to S.N.'s child victims remain during our review of the evidence for factual sufficiency. In *In re Commitment of Stoddard,* the court noted, albeit in *dicta*, that when appellate courts review evidence for factual sufficiency of findings that must be proven by clear and convincing evidence, "[t]he assumption that the factfinder resolved disputed evidence in favor of the finding if a reasonable factfinder could do so remains." No. 19-0561, 2020 Tex. LEXIS 1154, at *16-17 (Dec. 18, 2020). The court held that the court of appeals' assessment of the trial evidence misapplied the presumption in favor of the jury's determination of weight and credibility of the evidence and "created a risk of injustice too great to allow the verdict to stand." 2020 Tex. LEXIS 1154 at *22.[6]

---

[6] Like the court of appeals in *Stoddard*, this Court has long discussed viewing the evidence "in a neutral light" when conducting factual sufficiency review under the clear and convincing standard. *See In re S.B.R.*, No. 07-08-00421-CV, 2009 Tex. App. LEXIS 4576, at *15 (Tex. App.—Amarillo June 16, 2009, no pet.) (mem. op.). Though the Supreme Court has never expressly adopted the "neutral light" assessment, it has approved of the use of such language so long as the opinion makes clear that the finder of fact "may resolve conflicts in the evidence and remains the sole judge of witnesses' credibility and the weight to be given their testimony." *Stoddard*, 2020 Tex. LEXIS 1154, at *22 n.12 (citing *In re Johnson*, No. 05-17-01171-CV, 2019 Tex. App. LEXIS 601, at *6 (Tex. App.—Dallas Jan. 30, 2019, no pet.) (applying beyond-a-reasonable-doubt standard)).

With regard to our review of the evidence in this matter for factual sufficiency, we hold that the finder of fact was the sole judge of the witnesses' credibility, and was permitted to infer from the undisputed evidence that the children suffered serious injury from S.N.'s criminal conduct. Accordingly, in light of the entire record, we cannot say there exists any evidence contrary to the finding that is so significant it would have reasonably prevented a factfinder from forming a firm belief or conviction that S.N.'s criminal acts caused serious injury to his child victims for the purpose of ground (L).

## Conclusion

Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination when there is also a finding that termination is in the child's best interest. *In re A.V.,* 113 S.W.3d 355, 362 (Tex. 2003). Because the termination of S.N.'s parental rights under predicate ground (L) has been determined to be supported by legally and factually sufficient evidence and is in the child's best interest, it is unnecessary to remand this matter for retrial of evidence supporting predicate ground (O). We therefore affirm the judgment of the trial court terminating S.N.'s parental rights to Z.N. TEX. R. APP. P. 43.2(a).

Lawrence M. Doss
Justice